EFFRON, Judge
(concurring):
I write separately to address several matters implicit in the majority opinion.
*112 A conviction for obstruction of justice under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2000), requires a showing that an accused wrongfully did a certain act. Whether or not an act was wrongful is not dependent solely on the accused’s interest in the pending investigation or criminal proceeding. Article 134 does not permit the conviction of an interested party who has given honest and uncorrupt advice; likewise, Article 134 does not require proof that a person who gave dishonest and corrupt advice also was an interested party with respect to an investigation or litigation. Whether a person’s advice was wrongful is dependent on contextual factors, including, but not limited to, the nature of the person’s interest in the subject of the inquiry or proceeding, the circumstances of the conversation, and the person’s tone and manner of delivery, which are all questions of fact for the members to decide.
Appellant, who claims that the evidence was insufficient as a matter of law, likens her admonitions to the advice a “first sergeant, supervisor, or friend would give to a military member under investigation.” This comparison is unpersuasive. In contrast to the hypothetical circumstances suggested by Appellant, a rational trier of fact could find that the circumstances of the present case demonstrate that the advice provided by Appellant was dishonest and corrupt. Appellant was an accomplice who was aware of the progress of the investigation into her own conduct. She had no personal relationship with Airman Basic (AB) F beyond a one-time sexual encounter, and did not contact AB F from the time of the sexual encounter until after the investigation commenced. At that point, she began calling frequently to give unsolicited advice. She knew that AB F was a potential witness to the investigation, and she deposited $200 into AB F’s bank account. In light of these combined circumstances, a rational trier of fact could find beyond a reasonable doubt that Appellant’s statements were wrongful.